UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| STANLEY GENE DENHOF, # 697537, | ) ) ) | |
| Petitioner, | ) ) | Case No. 1:14-cv-14 |
| v. | ) ) | Honorable Robert Holmes Bell |
| SHERRY BURT, | ) ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) ) ) | |

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. The Michigan Court of Appeals summarized the events giving rise to petitioner's criminal convictions as follows:

> The charges in the instant case stem from defendant's sexual assaults of his daughter from approximately 2001 through 2005. The victim testified that the first incident of abuse occurred at the family home during the summer of 2001 or 2002. She indicated that defendant continued to abuse her after her parents divorced. The abuse occurred at a hotel where defendant stayed while exercising his visitation rights. The victim first reported the abuse to a friend, who encouraged her to tell an adult. The victim was later examined by a medical doctor, who found that her hymen had been transected or lacerated.

(Op. at 1, ECF No. 25-30, PageID.595). On July 17, 2008, a Kent County Circuit Court jury found petitioner guilty of three counts of first-degree criminal sexual conduct (victim under age 13). MICH. COMP. LAWS 750.520b(1)(a). (ECF No. 25-5, PageID.429). On August 19 2008, Judge Donald A. Johnston sentenced petitioner to concurrent terms of 14 to 75 years' imprisonment on each count. (ECF No. 25-30, PageID.604).

After unsuccessful attempts to persuade Michigan's courts to overturn his conviction, petitioner filed his federal habeas corpus petition.

## Standard of Review

Because petitioner filed his habeas application long after the April 1996 enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA), the provisions of that law govern the scope of the Court's review. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands the state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citations omitted); *see Hardy v. Cross*, 132 S. Ct. 490, 491 (2011) (*per curiam*); *Felkner v. Jackson*, 562 U.S. 594, 597 (2011) (*per curiam*); *Renrico v. Lett*, 559 U.S. 766, 773 (2010). "AEDPA requires heightened respect for state court factual and legal determinations." *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006). Section 2254(e)(1) states: "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." "State-court factual findings [] are presumed correct; the petitioner has the burden of rebutting the presumption by clear and convincing evidence." *Davis v. Ayala*, 135 S. Ct. 2187, 2199-2200 (2015) (citations and internal quotations omitted).

If a state court adjudicated the claim, deferential AEDPA standards must be applied. 28 U.S.C. § 2254(d); *see Premo v. Moore*, 562 U.S. 115, 121 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009); *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) (("[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)). AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). It prohibits "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 132 S. Ct. 2148, 2149 (2012) (*per curiam*).

The AEDPA standard is difficult to meet "because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *see Burt v. Titlow*, 134 S. Ct. 10, 16 (2013); *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786-87 (2013); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "Section 2254(d) reflects the that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error corrections through appeal." *Harrington*, 562 U.S. at 102-03 (citation and internal quotation omitted); *see Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). Section 2254(d) states that an application for a writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreason-

able application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see White v. Wheeler*, 136 S. Ct. 456, 460 (2015); *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014); *Davis v. Ayala*, 135 S. Ct. at 2198.

The only definitive source of clearly established federal law for purposes of § 2254(d)(1) is the holdings—not dicta—of Supreme Court decisions. *White v. Woodall*, 134 S. Ct. at 1702; *see Woods v. Donald*, 135 S. Ct. at 1377 ("Because none of our cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from this Court."). "[W]here the precise contours of a right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *Id.* (quotations and internal citations omitted).

An unreasonable application of the Supreme Court's holding must be "'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. at 103). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined

by the Supreme Court,' " and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015) (quoting *Parker v. Matthews*, 132 S. Ct. at 2155); *see Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (*per curiam*) ("As we have repeatedly emphasized, [] circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'").

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Section 2254 (d)(2) requires that this Court accord the state trial court substantial deference. If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination. *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015); *Burt v. Titlow*, 134 S. Ct. at 15.

**Proposed Findings of Fact**

Petitioner's trial in Kent County Circuit Court concluded on July 17, 2008, with the jury's verdict finding him guilty on all charges. (ECF No. 25-7, PageID.400, 429). On August 19, 2008, Judge Donald A. Johnston sentenced petitioner. (ECF No. 25-8, PageID.432-36; ECF No. 25-30, PageID.604). Petitioner filed an appeal as of right. (ECF No. 24-3, PageID.206; ECF No. 25-30, PageID.605). On December 28, 2009, Judge Johnston issued his Opinion and Order denying petitioner's motion for a new

trial.¹ (ECF No. 24-3, PageID.206; ECF No. 25-33, PageID.972-75). On December 14, 2010, the Michigan Court of Appeals affirmed petitioner's conviction and sentence. (ECF No. 25-30, PageID.595-603).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. (ECF No. 24-3, PageID.206). On April 25, 2011, the Michigan Supreme Court denied petitioner's application. (ECF No. 25-31, PageID.712). Petitioner filed or attempted to file a variety of motions after the Michigan Supreme Court denied his application for leave to appeal. He did not file a motion for postconviction relief under Rule 6.500 of the Michigan Court Rules.

On December 12, 2011, the prosecuting attorney sent a letter to Judge Johnston with a copy to petitioner's attorney. He explained that YWCA counseling records had not been turned over to petitioner's attorney because the prosecutor's office did not have them. The prosecutor's office was not aware of their existence. The existence of such records came to light in proceedings related to the termination of petitioner's parental rights. The prosecutor asked the court to enter an order requiring the YWCA to produce the counseling center assessments of April 23, 2008 and May 9, 2008, for the judge to review *in camera*, pursuant to *People v. Stanasay*, 521 N.W.2d 557 (Mich. 1994), to determine if those records contained relevant information. The prosecutor stated that if there was relevant information, he would not object to petitioner's

---

¹Judge Johnston conducted an extensive *Ginther* hearing before making his decision. (ECF No. 25-9 through 25-13, PageID.437-552). Under Michigan practice, evidentiary hearings on the question of ineffective assistance of counsel are referred to as "*Ginther* hearings" after *People v. Ginther*, 212 N.W.2d 922 (Mich. 1973).

-6-

attorney filing a second motion for relief from judgment, "usually precluded under MCR 6.502(G), since the motion would be based on newly discovered evidence." (ECF No. 24-4, PageID.209-11).

On January 3, 2012, Judge Johnston ordered the YWCA to turn over for *in camera* review any records regarding the victim, "including, but not limited to" the records for April 23, 2008, and May 9, 2008. (ECF No. 24-4, PageID.212-13). On January 30, 2012, Judge Johnston entered an order regarding his *in camera* review of documents. (ECF No. 24-4, PageID.220-21). He found that the statements and conduct of the victim as related in the counseling documents were "fully consistent with her trial testimony. Notably, at no point [was] there any indication that she ha[d] deviated from or recanted of the version of events to which she testified at defendant's trial." (*Id.*). Judge Johnston found "no basis for turning these records over to the parties in Defendant's criminal case[.]" (*Id.* at PageID.221). Petitioner filed a "Request for Reconsideration/Contempt of Court" in which he argued that there had been counseling sessions during 2001-2003, and that those records should also have been produced for the court's *in camera* review. On February 9, 2012, Judge Johnston ordered the YWCA to produce any counseling records regarding the victim which had not previously been produced, to the extent that any further records existed. (ECF No. 24-4, PageID.212-13). On February 14, 2012, the YWCA's response indicated that there were no additional records. (ECF No. 24-4, PageID.214). On February 16, 2012, the court advised petitioner of the YWCA's response that there were no further records

and the court considered that the YWCA's obligations under the court's order had been satisfied. (ECF No. 24-4, PageID.234).

In July 2012, petitioner sent a document labeled as a "Request to Move for Overturning of Verdict Evidence Withheld/Falsification of Records." Correspondence from Judge Johnston's law clerk dated July 26, 2012, stated as follows: "This 'request' may only be reviewed as a [] Motion for Relief from Judgment under MCR 6.500 *et seq*. Since you are only permitted to file **one** such motion, I wanted to give you the opportunity to withdraw your motion if you so desire. **The Court will not proceed with further review of your "Request to Move for Overturning of Verdict Evidence Withheld/Falsification of Records" unless you specifically instruct the Court to do so.** I will hold the Judge's copy of your motion and brief until we hear from you or until September 1, 2012 -- whichever comes first." (ECF No. 24-4, PageID.215).

On August 30, 2012, Judge Johnston's law clerk wrote a letter to petitioner confirming petitioner's recent correspondence expressly stating that he did not want the court to treat his "request" as a motion for relief from judgment under Rule 6.500 of the Michigan Court Rules:

> The Court is in receipt of your recent letter dated August 24, 2012. In this letter, you indicate that the motion you filed (Request to Move for Overturning of Verdict Evidence Withheld/Falsification of Records) should not be treated as a Motion for Relief from Judgment because "it is evident an official ruling was never made on the issue of where divorce counseling occurred." It is not clear what ruling you are referring to. As of today, this Court is not aware of any open or pending issues in your case. If you are referring to the February 9, 2012 Order for Further Production of YWCA Records, all obligations under that order were

-8-

satisfied by the YWCA via letter dated February 14, 2012. You were sent a copy of this letter on February 16, 2012.

You clearly indicate in your August 24, 2012 letter that you do *not* wish the above-referenced motion be considered as your Motion for Relief from Judgment under MCR 6.500. Accordingly, the Court will not do so. Since there is no other mechanism to review the brief, the Court need not respond to the motion or rule on the arguments and allegations contained therein. The original motion and brief will remain sealed in the court file and the judge's copy will be shredded.

(ECF No. 24-4, PageID.217).

On November 6, 2012, Judge Johnston's law clerk wrote another letter to petitioner regarding petitioner's then recent correspondence:

The Court is in your receipt of your recently filed "Motion Requesting Final Order." In mid-October, you submitted a proposed order relating to the same issues (YWCA records addressed in February of this year), which order was returned by Judge Johnston with a cover letter dated October 29, 2012. In the October 29 letter, Judge Johnston explained why no further orders were necessary on this issue. Despite this, you have filed a so-called "Motion Requesting Final Order." Since there is apparently still some confusion, the Court shall try and clarify once again.

On or around January 3, 2012, the Court entered an Order for the Production of Records. The YWCA provided the requested records, which were reviewed in camera by the Court and sealed in the file. The Court then issued an order which was docketed February 1, 2012 in which the Court described its review of these records and why they should not be turned over to the parties. Subsequently, you filed a "Request for Reconsideration/Contempt of Court" with further requests related to the YWCA records. In response to your "Request for Reconsideration," the Court granted you relief and entered an order on February 9, 2012 entitled "Order for Further Production of YWCA Records." The order provided that, *if* further records existed, they must be turned over to the Court for review. If further records did not exist, the YWCA needed to notify the Court in writing. The YWCA did notify the Court there were no further records via letter dated February 16, 2012, a copy of which I forward to you. **The Court has issued all appropriate orders and no open issues remain.** Accordingly, the Court need not review your most

-9-

> recently filed motion, which is being returned to you. The Court will not rule on your "Motion Requesting Final Order" since all final orders have been prepared.

(ECF No. 24-4, PageID.218).

In December 2012, petitioner filed a claim of appeal in the Michigan Court of Appeals challenging Judge Johnston's January 30, 2012, order regarding the YWCA records. On December 21, 2012, the Michigan Court of Appeals dismissed the appeal for lack of jurisdiction. Petitioner's challenge to Judge Johnston's order was untimely and the order "was not a final order appealable as of right." (ECF No. 24-6, PageID.244-45; ECF No. 29-2, PageID.1140). Petitioner did not file an application for leave to appeal to the Michigan Supreme Court. (ECF No. 24-5, PageID.243).

Petitioner filed a motion to disqualify Judge Johnston. On January 18, 2013, Judge Johnston denied petitioner's motion. (ECF No. 24-4, PageID.223-25). In addition, Judge Johnston sent petitioner a letter regarding his "Motion for Discovery Disclosure and Production of Documents." Judge Johnston reiterated that the court could not compel a person or entity to produce documents that did not exist. (ECF No. 24-4, PageID.222).

On January 22, 2013, petitioner sought a writ of superintending control from the Michigan Court of Appeals. On September 13, 2013, the Michigan Court of Appeals denied petitioner's application. (ECF No. 24-8, PageID.247-48). On November 12, 2013, the Michigan Supreme Court rejected petitioner's application for leave to appeal because it was untimely. (ECF No. 24-7, PageID.246; ECF No. 24-8, PageID.248).

On June 7, 2013, Judge Johnston's office sent correspondence indicating that it had received a motion from petitioner and provided petitioner an opportunity to clarify whether he wanted the motion considered as a 6.500 motion:

> This letter is written in response to your recently filed "Motion for Relief from Judgment or Order." Although you have framed the motion as pursuant to MCR 2.612(C)(3), this motion may only be reviewed as a Motion for Relief from Judgment under MCR 6.500 *et seq*. As you have been previously notified, you are only permitted to file **one** such motion. Accordingly, this Court will once again give you the opportunity to withdraw your motion if you so desire. **The Court will not proceed with further review of your "Motion for Relief from Judgment or Order" unless you specifically instruct the Court to do so.** I will hold the Judge's copy of your motion and brief until we hear from you or August 7, 2013–whichever comes first.

(ECF No. 24-4, PageID.239).

On June 20, 2013, Judge Johnston sent petitioner a letter which stated as follows:

> I see no impediment to your filing a motion for relief from judgment pursuant to MCR 6.502, setting forth the relief you request and whatever grounds, including the alleged fraud, you may have for the relief requested. Please advise the Court no later than **August 7, 2013** if you want your June 7, 2013 "Motion for Relief From Judgment" considered under MCR 6.500 et seq[.] or not at all.

(ECF No. 24-4, PageID.240).

On July 5, 2013, Judge Johnston sent petitioner a letter in response to petitioner's correspondence dated June 30, 2013. "Based on your statement that: 'Three times you or your legal clerk have sent me letters asking me if I would like to use my Motion for Relief from Judgment or Order pursuant to MCR 2.612(C)(3) Fraud on the Court for my one shot at 6.500, I have denied it every time. And will continue to do so.' Since you do not want your Motion for Relief From Judgment reviewed under

-11-

MCR 6.500 *et seq*[.] and since there is no other method to do so at this juncture, the Court will <u>not</u> rule on your motion and it will be removed from the court file." (ECF No. 24-4, PageID.241). On July 5, 2013, Judge Johnston entered an order removing petitioner's motion from the case file. (ECF No. 24-4, PageID.242).

On July 26, 2013, petitioner filed an application for leave to appeal. (ECF No. 25-32, PageID.839). On October 11, 2013, the Michigan Court of Appeals denied petitioner's application for leave to appeal. (ECF No. 24-9, PageID.249-50). Petitioner sought review in the Michigan Supreme Court. On February 28, 2014, the Michigan Supreme Court denied petitioner's application for leave to appeal. (ECF No. 25-33, PageID.940).

Petitioner filed his habeas corpus petition in this Court on January 2, 2014.[2] (ECF No. 1, PageID.28).

## **Discussion**

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[2]The petition was not actually filed until January 8, 2014. Under the prison "mailbox rule" petitioner received the benefit of the earliest possible filing date based on the date he signed his habeas corpus petition. *See Williams v. Birkett*, 670 F.3d 729, 732 n.1 (6th Cir. 2012).

-12-

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and sought leave to appeal to the Michigan Supreme Court. On April 25, 2011, the Michigan Supreme Court denied petitioner's motion for reconsideration of the order denying his application for leave to appeal. (ECF No. 24-2, PageID.196; ECF No. 25-31, PageID.712). Petitioner did not file a petition seeking a writ of certiorari from the United States Supreme Court. The one-year limitations period did not begin to run, however, until the ninety-day period in which petitioner could have sought review in the United States Supreme Court had expired. *See Gonzalez v. Thaler*, 132 S. Ct.

641, 653 (2012); *Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007). The ninety-day period expired on July 24, 2011. Petitioner had one year from July 24, 2011, or until July 24, 2012, in which to file his habeas corpus petition. He filed his petition on January 2, 2014. Obviously, petitioner filed more than one year after the time for seeking direct review expired. 28 U.S.C. § 28 U.S.C. § 2244(d)(1). Thus, absent tolling, his petition is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). In order to toll the statute of limitations, a state-court application for post-conviction relief must be "properly filed." An application is " 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8 (emphasis in original); *see Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

None of the motions that plaintiff filed or attempted to file after July 24, 2011, were properly filed applications for State post-conviction relief. The Michigan Court Rules allow only one motion for relief from judgment; second or successive motions are prohibited absent retroactive change in the law. Michigan Court Rule 6.502(G) states that, unless there has been a retroactive change in law, one and only one motion for relief from judgment may be filed with regard to a conviction." *Raines v. Berghuis*, No.

07-10605, 2008 WL 2157049, at * 4 (E.D. Mich. May 22, 2008); *see Williams v. Birkett*, 670 F.3d 729 (6th Cir. 2011).

Petitioner's motions for relief from judgment were not "properly filed" for purposes of tolling the habeas statute.[3] The state court determined that the motions petitioner attempted to file under Mich. Ct. R. 2.612(C)(3) were improper and there is no dispute that petitioner declined to have his motions considered as a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq*. (ECF No. 24-4, PageID.242). This Court "does not function as an additional state appellate court reviewing state-court decisions on state law or procedure." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). This Court "may not second guess the state court's application of its own law." *McDonald v. Warden, Lebanon Corr. Inst.*, 482 F. App'x 22, 30 (6th Cir. 2012); *see Vroman v. Brigano*, 346 F.3d at 604 ("Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice in that state."); *see also*; *Ellis v. Smith*, No. 1:15-cv-212, 2015 WL 5703806, at * 5 (W.D. Mich. Sept. 28, 2015). Accordingly, the statute of limitations was not tolled and the 1-year limitations period expired on July 24, 2012.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). A petitioner bears the burden of showing

---

[3]Petitioner argues that the prosecutor's December 2011 letter asking Judge Johnston to review documents *in camera* "stopped the clock." (Pet. Brief at 3, 6, ECF No. 29, PageID.1123, 1126). It did not. It was a letter. It was not a motion for post-conviction relief.

that he is entitled to equitable tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. at 418); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 749; *Akrawi*, 572 F.3d at 260. Petitioner has not established grounds for equitable tolling. Here, the Court need only address the second element. Petitioner has not shown that an extraordinary circumstance prevented him from filing a timely habeas corpus petition. His failure to meet the legally-mandated deadline for filing his habeas corpus petition did not arise from unavoidable circumstances beyond his control. *See Hall*, 662 F.3d at 749. An obstinate refusal to proceed with a motion under Rule 6.500 *et seq.* was the course of action that petitioner chose. It is not a basis for equitable tolling. Further, the fact that petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005). Accordingly, petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1933 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. 133 S. Ct. at 1935-36.

Although petitioner argues that he is actually innocent (Pet Brief at 13-15, PageID.1133-35) the evidence that he cites falls well short of satisfying the demanding *Schlup* standard. Petitioner is not excused from the statute of limitations under *McQuiggin*. His habeas petition therefore is time-barred.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the statute of limitations. I recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  January 14, 2016          /s/  Phillip J. Green
                                  United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).