UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY GENE DENHOF,

        Petitioner,

                                    File No. 1:14-cv-14

v.

                                    HON. ROBERT HOLMES BELL

SHERRY BURT,

        Respondent.

_____/

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

On January 14, 2016, United States Magistrate Judge Phillip J. Green issued a Report and Recommendation ("R&R"), recommending that Petitioner Stanley Gene Denhof's 28 U.S.C. § 2254 petition be dismissed because it is barred by the statute of limitations (ECF No. 51). Among other things, Magistrate Judge Green determined that Petitioner's application was untimely, that he failed to show that he was entitled to equitable tolling of the statute of limitations or that he was entitled to the actual-innocence exception to the statute of limitations.

Petitioner filed objections to the R&R (ECF No. 52) and a motion for reconsideration (ECF No. 53). For the reasons that follow, Petitioner's objections and motion for reconsideration will be denied and the R&R will be adopted as the opinion of the Court.

This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b)(3).

Petitioner objects to the determination that he failed to show actual innocence, but the Court discerns no error in this determination. Petitioner has not presented new evidence showing that it is "more likely than not that no reasonable juror would have convicted [him]." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013) (internal quotation marks and citation omitted). Petitioner makes reference to counseling records for the victim in his criminal case that were not disclosed to him at the time of trial, but the state court has already determined that they contain no information that would have been helpful for his criminal case. Petitioner offers no more than mere speculation that the records would demonstrate his innocence.

Petitioner implies that he is entitled to equitable tolling because he has been diligent in pursuing his rights in state court, and because the state court prevented him from exhausting his claims in a timely fashion. As indicated in the R&R, however, Petitioner has not shown that any circumstances prevented him from filing his federal habeas petition. Consequently, he is not entitled to equitable tolling.

Petitioner also implies that his petition is timely because the prosecutor sent a letter to the state court asking for review of the counseling records, which Petitioner claims stopped the running of the statute of limitations. The R&R correctly states that, because this letter was not a motion for post-conviction relief, it did not toll the statute of limitations. *Cf.* 28 U.S.C. § 2244(d)(2) (tolling the statute of limitations during the time that a "properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").

Finally, Petitioner asks the Court to reconsider the order denying discovery, denying an evidentiary hearing, and quashing a subpoena (Mot. for Reconsideration, ECF No. 53). The Court discerns no basis for doing so. Because the petition is untimely, no discovery, evidentiary hearing, or subpoena are warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (ECF No. 52) are **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 51) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's motion for reconsideration (ECF No. 53) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. Reasonable jurists would not disagree with the conclusion that this petition is untimely. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

A judgment will be entered that is consistent with this opinion and order.


Dated: <u>March 9, 2016</u>                                    /s/ Robert Holmes Bell
                                                              ROBERT HOLMES BELL
                                                              UNITED STATES DISTRICT JUDGE